Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000017
30-DEC-2010
02:12 PM

NO. CAAP-10-0000017

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAI'I, Plaintiff-Appellee,

v.

JOSEPH VAIMILI, Defendant-Appellee

and

FREEDOM BAIL BOND, Surety-Movant/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0410)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Surety/Appellant Freedom Bail Bonds'
(Appellant Freedom Bail Bonds) November 29, 2010 motion for
temporary remand and (2) the record, it appears that we do not
have jurisdiction over Appellant Freedom Bail Bonds' appeal from
the August 16, 2010 "Findings of Fact, Conclusions of Law, and

Order Denying Freedom Bail Bond's Motion to Set Aside Judgment and Order of Forfeiture of Bail Bond" issued by the Circuit Court of the First Circuit[1] (the August 16, 2010 order), because Appellant Freedom Bail Bonds' appeal is untimely under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The statute that authorizes most appeals from circuit court criminal matters is Hawaii Revised Statutes (HRS) § 641-11 (Supp. 2009), which provides that "[a]ny party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11. That provision does not apply to this appeal, however, because a proceeding involving the "forfeiture of a bond is a civil proceeding." State v. Camara, 81 Hawaiʻi 324, 329 n.7, 916 P.2d 1225, 1230 n.7 (1996) (citation omitted). The supreme court has explained that the statute authorizing an appeal from a bail forfeiture proceeding is HRS § 804-51 (Supp. 2009), and

> the appealable event is the order denying the motion to set aside the judgment of forfeiture.
> Once a motion to set aside is denied, the surety may appeal such denial as in the case of a final judgment. Pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(1), a notice of appeal from a final judgment must be filed within thirty days from the date of entry of the judgment - in this case, thirty days from the order denying the motion to set aside.

State v. Camara, 81 Hawaiʻi at 329, 916 P.2d at 1230 (footnote omitted). The August 16, 2010 order denies Appellant Freedom

---

[1] The Honorable Randal K.O. Lee presiding.

Bail Bonds' motion to set aside the bail forfeiture regarding Defendant-Appellee Joseph Vaimili, and, thus, HRS § 804-51 authorizes an appeal from the August 16, 2010 order.

An appeal, however, must be timely in order to be valid. The supreme court has held that, in an appeal from a ruling in a bail bond forfeiture proceeding, "HRAP [Rule] 4(a), as opposed to HRAP [Rule] 4(b), applies because forfeiture of a bond is a civil proceeding." State v. Camara, 81 Hawai'i at 329 n.7, 916 P.2d at 1230 n.7 (citation omitted). Thus, the rules governing civil proceedings control this case. "When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1).

Appellant Freedom Bail Bonds did not file its September 16, 2010 notice of appeal within thirty days after entry of the August 16, 2010 order, as HRAP Rule 4(a)(1) required, and, thus, Appellant Freedom Bail Bonds' appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). Therefore, we lack jurisdiction over this appeal.[2]

Accordingly,

---

[2] Because we lack jurisdiction and dismiss this appeal, we do not address Appellant's November 29, 2010 motion for temporary remand.

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, December 30, 2010.

Presiding Judge

Associate Judge

Associate Judge